Sherman RILEY, Petitioner,

v.

## NATIONAL PASSENGER RAILROAD CORPORATION (AMTRAK), Respondent.

### No. 92 C 2340.

United States District Court,
N.D. Illinois, E.D.

Jan. 14, 1993.

Timothy Paul King, Jack R. Davis, Ltd., Chicago, IL, for petitioner.

Martin P. Greene, Greene & Letts, Chicago, IL, Jonathan I. Saperstein, Nat'l R.R., Washington, DC, for respondent.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Petitioner in this action, Sherman Riley ("Riley") brought this civil action under the statutory review procedures of the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First (q), seeking to set aside an arbitration award upholding the modified discipline assessed against him by Public Law Board No. 3625 ("Board") for misconduct. Pursuant to Federal Rule of Civil Procedure 56, both parties have moved for summary judgment. For the reasons set forth below, we deny petitioner's motion and grant summary judgment for respondent, National Passenger Railroad Corporation ("Amtrak").

### I. Standard of Review

#### A. *Review of Board Award*

Under the RLA, either a carrier or its employees may seek review of a board award in United States District Court. 45 U.S.C. § 153 First (q).[1] In order to ensure the final and binding nature of board awards, the scope of judicial review "is among the

---

1. In order to implement the RLA, Congress created the National Railroad Adjustment Board, or, alternatively, authorized the parties themselves to create Public Law Boards. These boards, typically made up of carriers and employees, have primary and exclusive jurisdiction over all disputes arising out of employee grievances or the interpretation or application of collective bargaining agreements. 45 U.S.C. § 153 First (i). *See Conrail v. RLEA*, 491 U.S. 299, 304, 109 S.Ct. 2477, 2481, 105 L.Ed.2d 250 (1989).

narrowest in the law." *Brotherhood of Railway Signalmen v. Louisville & Nashville R.R.*, 688 F.2d 535, 537 (7th Cir.1982) (citation omitted). Thus, a court may set aside an award or remand it for further action only if (1) a board fails to comply with the RLA's requirements, (2) an award fails to conform, or confine itself, to matters within the scope of a board's jurisdiction, or (3) a board member engages in fraud or corruption. 45 U.S.C. § 153 First (q). A board exceeds its jurisdiction when its award violates the provisions of a collective bargaining agreement. *Brotherhood of Locomotive Engineers v. Atchison, Topeka & Santa Fe Ry. Co.*, 768 F.2d 914, 922 (7th Cir.1985). However, a board acts within the scope of its jurisdiction when its award is "rationally explainable as a logical means of furthering the aims of that contract," even if the reviewing court does not agree with the board's interpretation. *Diamond v. Terminal Ry. Alabama State Docks*, 421 F.2d 228, 233 (5th Cir.1970). *See also Brotherhood of L. Engineers v. Atchison, T. & S.F.R., Co.*, 768 F.2d at 922 ("An arbitrator's award may be overturned only if the reviewing court is convinced that he was not trying to interpret the collective bargaining contract but that instead he resolved the parties' disputes according to his private notions of justice. The test is not error; it is *ultra vires*.").

### B. *Summary Judgment*

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment should be denied "where there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

### II. Factual Background

In 1989, Riley was employed as a carman for Amtrak in and about Chicago, Illinois and was a member of the Joint Council of Carmen, Helpers, Coach Cleaners and Apprentices ("Union"). The Union and Amtrak had negotiated a collective bargaining agreement ("Agreement") which, among other things, outlined the procedures and time limits to be followed in the discipline and investigation of carmen. Specifically, the Agreement provided that an "investigation shall be held at the city of employment within 10 calendar days of the date when notified of the offenses or held from service (subject to one postponement not to exceed an additional 10 calendar days)." Rule 23(b). Rule 23 does not describe what should happen in the event these time limits are abrogated.

On March 7, 1989, Amtrak removed Riley from service and notified him of a formal investigation into allegations that he failed to give Train # 323 a proper air test. An investigation hearing was initially scheduled for March 16, 1989. By mutual agreement between Amtrak and a Union representative, the March 16 hearing was rescheduled for March 23, 1989. At least some of Amtrak's witnesses, however, were unavailable to appear at the March 23 hearing. Accordingly, Amtrak postponed the hearing, which was rescheduled for April 10, 1989. The Hearing Officer notified Riley of the postponement and rescheduling on April 4, 1989.

At the April 10, 1989 investigation hearing, a Union representative objected to the hearing on the grounds that it was being held in violation of Rule 23(b). The Hearing Officer noted the objection for the record, remarked that there were extenuating circumstances surrounding the postponements, and proceeded with the hearing. On April 20, 1989, he found that Amtrak had proven its charge against Riley, and he dismissed petitioner from service.

After the Hearing Officer reached his decision, Riley submitted the matter to the Board. On September 5, 1990, the Board entered an award modifying the earlier decision by restoring Riley to service without back pay.

### III. Discussion

The Board here does not have the authority to modify an existing collective bargaining agreement. Riley argues that the Board altered the collective bargaining agreement and exceeded its jurisdiction when it ratified an investigative hearing held outside the time requirements of Rule 23(b).

In support of its argument, Riley cites *Wilson v. Chicago and North Western Transportation Co.,* 728 F.2d 963 (7th Cir. 1984). In *Wilson,* the collective bargaining agreement at issue mandated dismissal of charges when the carrier failed to comply with relevant time limits. Accordingly, the court held that the Board violated the RLA when it affirmed an investigation which took place outside of the time limitations provided in the collective bargaining agreement. *Id.* at 967. The Agreement at issue here, however, does not indicate what is to happen if time limits are violated. The lack of such a mandate fundamentally distinguishes this case from *Wilson.*

Because the Agreement here does not delineate what is to happen in the event that time limits are violated, there was room for the Board to interpret the consequences of such a breach. Moreover, as long as the Board was trying to interpret the Agreement, and did so in a way that was "rationally inferable" from the Agreement, we are not authorized to interfere. Here, it seems clear that the Hearing Officer and the Board were interpreting Rule 23 in order to give meaning to the Agreement. During the hearing, the Hearing Officer responded to the claim that the hearing delay violated Rule 23(b) by explicitly stating that "[i]t's not a violation, as I see it, as of Mr. Riley's contract." Hearing Tr. at p. 8. Furthermore, in at least two awards, a board has used its discretion to interpret collective bargaining agreements in deciding the question of how to handle a time limit violation. *See* National Railroad Adjustment Board, Third Div., Award No. 23966 at 4 (although contract time limits were violated, continuance to allow individuals to testify at investigation was appropriate); National Railroad Adjustment Board, Third Div., Award No. 22703 at 2–4 (non-mutual postponement beyond time limits not fatal where employee not prejudiced and where delay was justified by emergency situation). We cannot say, then, that the Board's decision to affirm the investigative hearing here, despite the time limit violations, contradicts or alters the Agreement. Instead, we find

that the Board's decision is rationally inferable from the language of the Agreement, and that the Board has not violated the RLA or exceeded its jurisdiction in this matter.[2]

### IV. Conclusion

For the foregoing reasons, we deny petitioner's motion for summary judgment and grant summary judgment in favor of Amtrak. It is so ordered.

2. Because we find that the Board has not violated the RLA or exceeded its jurisdiction, we need not reach the question of whether Riley waived his argument of procedural defect by failing to raise it at the Board hearing.